# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES M. FLEMING,

:

    Petitioner,                                     Case No. 1:11-cv-244

:          District Judge William O. Bertelsman
  -vs-                                           Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden,
 Chillicothe Correctional Institution,

:

    Respondent.

## DECISION AND ORDER ON NON-DISPOSITIVE MOTIONS;
## REPORT AND RECOMMENDATIONS ON DISPOSITIVE MOTIONS

    Petitioner James M. Fleming brought this action to obtain relief from his confinement in the custody of Robin Knab, Warden of the Chillicothe Correctional Institution. Mr. Fleming has asserted in the Petition and in numerous later filings that this is not an action under 28 U.S.C. § 2254, but rather under 28 U.S.C. § 1651, the All Writs Act (See, e.g., Application for an Extraordinary Writ Pursuant to 28 U.S.C. § 1651, Doc. No. 1, PageID 10.)

    Upon filing, Mr. Fleming tendered neither the filing fee for a habeas corpus petition ($5.00) nor the filing fee for a civil case ($350) nor an application for leave to proceed *in forma pauperis*. Magistrate Judge Bowman, to whom the case was initially referred, acknowledged that the case was purportedly brought under § 1651, but required Mr. Fleming to pay the habeas corpus filing fee or apply to proceed *in forma pauperis* within thirty days (Deficiency Order, Doc. No. 2). Mr. Fleming responded by paying $5.00. (Receipt, entered May 9, 2011).

Magistrate Judge Bowman thereupon ordered Respondent Knab to "file a return of writ responding to the allegations of the petition" within sixty days of May 13, 2011 (Order, Doc. No. 4, PageID 19.) Respondent was ordered, *inter alia,* to show the true cause of Mr. Fleming's detention and why a writ of habeas corpus should not issue. The Order contemplates that Respondent may file a motion to dismiss, for it sets a deadline for Mr. Fleming to respond to any such motion. *Id.* at PageID 21.

On the sixtieth day after that Order, to wit, on July 12, 2011, Respondent filed her Motion to Dismiss (Doc. No. 6). She asserts that this case is governed by 28 U.S.C. § 2254 rather than § 1651, but that relief under 2254 is barred by the one-year statute of limitation in 28 U.S.C. § 2244 and by Mr. Fleming's procedural defaults in presenting his claims to the Ohio courts.

Mr. Fleming responded by seeking default judgment and summary judgment (Doc. No. 8). Later he filed a Motion to require Respondent to amend her pleadings to show jurisdiction under 28 U.S.C. § 2254 (Doc. No. 14).

**Analysis**

A person who files a case in federal court is said to be the "master" of his or her own pleadings. If a petitioner says he is not bringing suit under 28 U.S.C. § 2254 – and Mr. Fleming has repeatedly said exactly that – then the Court must take him at his word.

It was not error for the Court initially to view the case as raising a claim to habeas corpus under § 2254 since Fleming has been convicted in state court, he is confined in the custody of Respondent in her capacity as warden of an Ohio penal institution, Fleming apparently seeks release

from that custody, and habeas corpus is the usual remedy for improper custody. Federal courts have a duty to liberally construe the pleadings of *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). In that spirit, it was appropriate to construe the initial filing as a habeas corpus petition. But given that Mr. Fleming insists that is not the nature of the suit he has brought, no further analysis should be given under 28 U.S.C. § 2254. In any event, as Respondent has noted, habeas corpus relief is barred both by the one-year statute of limitations and by Mr. Fleming's procedural default in presenting his claims to the state courts.

Given that Mr. Fleming insists he is proceeding under 28 U.S.C. § 1651, his case should be dismissed without prejudice for failure to state a claim upon which relief under that statute can be granted. As Respondent points out, this Court has clearly held that a person seeking release from state custody must bring his claim under § 2254 and cannot proceed under the All Writs Act. *Nichols v. Warden, Chillicothe Corr. Inst.,* 2011 U.S. Dist. LEXIS 67039 (S.D. Ohio 2011)(Spiegel, J.). To the same effect is *Justice v. Warden, Chillicothe Corr. Inst.,* 2011 U.S. Dist. LEXIS 20690 (S.D. Ohio 2011)(Smith, J.).

Mr. Fleming's Motion for Default is denied because he is in error respecting Respondent's response to Magistrate Judge Bowman's Order: the response was complete and timely.

Mr. Fleming's Motion for Summary Judgment should be denied because, whether or not there are any genuine dispute of material fact, he is not entitled to a writ of any kind under 28 U.S.C. § 1651 as a matter of law.

Mr. Fleming's Motion to require the Respondent to amend pleadings to show jurisdiction under 28 U.S.C. § 2254 is denied as moot.

**Conclusion**

It is respectfully recommended that the Court dismiss this case without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1651. Because any appeal would be objectively frivolous, the Court should certify that conclusion to the Court of Appeals, thereby denying Petitioner leave to appeal *in forma pauperis*.

December 28, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Fleming Habeas R&R.wpd